**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50323 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02910-LAB-1 |
| v. | |
| SAMANTHA CHRISTINE VELAZQUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before: BEA and MURGUIA, Circuit Judges, and KEELEY,** District Judge.

Samantha Velazquez appeals her convictions and sentence for importing

methamphetamine and cocaine in violation of 21 U.S.C. §§ 952 and 960. On

November 4, 2015, U.S. Customs and Border Protection officers arrested

Velazquez at the San Ysidro, California Port of Entry (Port of Entry) after they

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

discovered methamphetamine and cocaine hidden in her car. Velazquez challenges the district court's denial of two motions to suppress and its admission of evidence in contravention of a prior in limine ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. "We review *de novo* the district court's ruling on a motion to suppress and for clear error the district court's underlying findings of fact." *United States v. Gorman*, 859 F.3d 706, 714 (9th Cir. 2017) (quoting *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015)). We may affirm a correct decision on any basis supported by the record. *See United States v. Wash.*, 641 F.2d 1368, 1371 (9th Cir. 1981).

First, because we find that the independent source doctrine applies, the district court properly denied Velazquez's motion to suppress an audio recording discovered when Homeland Security Investigations (HSI) agents downloaded the contents of her cell phone with a Cellebrite device at the Port of Entry. Under the independent source doctrine, "evidence initially discovered during, or as a consequence of an unlawful search, but later obtained independently from activities untainted by the initial illegality," may be admitted. *Murray v. United States*, 487 U.S. 533, 537 (1988). Here, almost three months after the arrest, Special Agent Gayton obtained a warrant to search Velazquez's cell phone, along with two other cell phones that Velazquez had in her possession at the time of

arrest. Agent Gayton had probable cause for the warrant and would have sought the warrant absent any tainted evidence of the audio recording on Velazquez's cell phone because, given the drugs found in Velazquez's car, there was reason to believe that the cell phone had been used to traffic drugs. *See United States v. Washington*, 700 Fed. App'x 619, 621 (9th Cir. 2017) (citing *United States v. Duran-Orozco*, 192 F.3d 1277, 1281 (9th Cir. 1999)). Thus, the audio recording was "separately discovered through an independent source." *Gorman*, 859 F.3d at 718.

Second, the district court properly denied Velazquez's motion to suppress pre-*Miranda* statements about her job at 7-Eleven made during an interview with border patrol agents following her arrest. The agents were not required to secure a *Miranda* waiver under the routine booking question exception. *See Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990); *United States v. Williams*, 842 F.3d 1143, 1147 (9th Cir. 2016). The agents' questions about Velazquez's job at 7-Eleven were necessary to secure biographical data for a Drug Enforcement Administration Personal History Report. Further, Velazquez's employment history was not related to an element of importing methamphetamine and cocaine. *See United States v. Mata-Abundiz*, 717 F.2d 1277, 1280 (9th Cir. 1983). The agents therefore had no reason to believe that routine questions about Velazquez's occupation were "reasonably likely to elicit an incriminating response." *United States v. Zapien*,

16-50323

861 F.3d 971, 975 (9th Cir. 2017) (per curium) (internal quotation marks and citation omitted).

2. We review a district court's decision to alter an in limine ruling for an abuse of discretion. *See United States v. Bensimon*, 172 F.3d 1121, 1125, 1127 (9th Cir. 1999). At trial, the district court contradicted its prior in limine ruling by admitting audio and video recordings of Velazquez's three previous border crossings for impeachment purposes. The district court acted well within its discretion in doing so. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (providing that a trial judge "may always change his mind [regarding an in limine ruling] during the course of a trial"). The district court's ruling was not final, as the court expressly advised that it would "wait and see" if Velazquez testified, and Velazquez was "not entitled to a definitive [in limine] ruling." *Bensimon*, 172 F.3d at 1127. Moreover, the testimony of Velazquez's former supervisor put Velazquez's credibility at issue and that new information warranted the admission of the recordings. *Id.*

**AFFIRMED**.

16-50323